UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
GREENBELT DIVISION



FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 FEB 26  P 2: 11

CLERK'S OFFICE
AT GREENBELT

BY _____ DEPUTY

Jeffery R. Sedgwick
9306 Hilltop Court
Laurel, Maryland 20708

    Plaintiff.

vs.

EVANS LAW ASSOCIATES, P.C.
3842 Harlem Road #400-329
Cheektowaga, New York 14245

    Defendant

CASE NO.  AW 13 CV 0612

JUDGE _____

TRIAL BY JURY DEMANDED

## ORIGINAL COMPLAINT FOR VIOLATION OF THE FCRA JURISDICTION

1. This court has jurisdiction under 15 U.S.C. §1681p and 28 U.S.C §1331.

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is Jeffery R. Sedgwick, a natural person, who resides in Prince George's County, Maryland.

4. Defendant in this lawsuit is EVANS LAW ASSOCIATES, P.C. ("EVANS") with offices at 3842 Harlem Road #400-329, Cheektowaga, New York 14245.

### VENUE

5. The occurrences which give rise to this action occurred in Prince George's County, Maryland, and Plaintiff resides in Prince George's County, Maryland.

6.  Venue is proper in the District of Maryland, Greenbelt Division.

## GENERAL ALLEGATIONS

7.  Plaintiff obtained his consumer credit reports from the three major credit reporting agencies and found entries within the reports by entities that he was unfamiliar with.

8.  Plaintiff found after examination of his Experian consumer credit report that Defendant EVANS had obtained Plaintiff's Experian consumer credit report in January 2012.

9.  Discovery of violations brought forth herein occurred in February 2012 and are within statute of limitations as defined in FCRA, 15 U.S.C. § 1681p.

## COUNT I
## WILLFUL AND/OR NEGLIGENT VIOLATION OF THE
## FAIR CREDIT REPORTING ACT (FCRA) 15 U.S.C. §1681

10. Paragraphs 1 through 9 are realleged as though fully set forth herein.

11. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

12. Experian is a credit reporting agency within, the meaning of the FCRA, 15 U.S.C. §1681a(f).

13. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. §1681a(d).

14. The FCRA, 15 U.S.C. §1681b defines the permissible purposes for which a person may obtain a consumer credit report.

15. Such permissible purposes as defined by 15 U.S.C. §1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

16. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from EVANS.

17. At no time did Plaintiff give his consent for EVANS to obtain his consumer credit report from any credit reporting agency.

18. In January 2012, EVANS obtained the Experian consumer credit report of the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. §1681b.

19. The action of EVANS obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiffs consent was a violation of FCRA, 15 U.S.C. §1681b and an egregious violation of Plaintiffs right to privacy.

20. Plaintiff sent notice to EVANS of their violations of the FCRA. This was in an effort to mitigate damages and reach a settlement for their violations in obtaining Plaintiff's credit report before taking civil action against them. Plaintiff received an e-mail reply to said notice wherein the Defendant stated that until they see a lawsuit they would not respond.

21. At no time has EVANS ever indicated what legitimate justification they had for obtaining Plaintiff's credit report. The Defendant had a duty to properly ascertain if there was any **legitimate** permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by not doing so. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

**WHEREFORE,** Plaintiff demands judgment for statutory damages of $1,000.00 against Defendant, EVANS for actual damages as they may appear, punitive damages as they may appear, any attorney's fees and costs pursuant to 15 U.S.C. §1681n.

## COUNT II
### VIOLATION OF THE FAIR DEBT COLLECTIONS ACT 15 U.S.C. §1692
### USE OF DECEPTIVE MEANS BY EVANS LAW ASSOCIATES, P.C.

22. Paragraphs 1 through 21 are re-alleged as though fully set forth herein.

22. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692 a(3).

23. Defendant is a Debt Collector within the meaning 15 U.S.C. § 1692 a(6).

24. Defendant did obtain a copy of Plaintiff's credit report without permissible purpose as defined by 15 U.S.C. §1681b.

25. Defendant EVANS violated § 1692e(10) through the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, when EVANS obtained Plaintiff's credit report without permission or permissible purpose.

**WHEREFORE**, Plaintiff demands judgment for damages against Defendant, EVANS for actual damages as they may appear, statutory damages of $1000.00, any attorney's fees and costs pursuant to 15 U.S.C. §1692k.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: February 26, 2013
Respectfully Submitted,

Jeffery R. Sedgwick
9306 Hilltop Court
Laurel, Maryland 20708
301-776-0985
vze2snju@verizon.net

Service to:

JASON J. EVANS, ESQ. – PRESIDENT
218 N. LONG STREET
WILLIAMSVILLE, NEW YORK 14221